In re GOLDICH.

(District Court, E. D. Pennsylvania. October 9, 1908.)

No. 2,625.

BANKRUPTCY (§ 414*)—DISCHARGE—FAILURE TO KEEP BOOKS.

Evidence *held* to sustain the finding of a referee that the failure of a bankrupt to keep such books of account as would disclose his financial condition was intentional, and with a purpose to conceal such condition, and that he was therefore not entitled to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 414.*

What persons are subject to bankruptcy, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

In Bankruptcy. On certificate of referee concerning objections to bankrupt's discharge.

Furth and Singer, for bankrupt.

Clinton O. Mayer, for objecting creditor.

J. B. McPHERSON, District Judge. It is impossible, I think, to read the bankrupt's testimony without coming to the conclusion that he failed to keep such books of account or records as would disclose his financial condition. If, therefore, it may fairly be inferred from all the evidence that such failure was due to an intent to conceal his condition, the act forbids his discharge. No doubt there is some ground for the argument that the confusion and omissions that may easily be discovered in the books and papers under examination were largely due to the bankrupt's ignorance and in part to his carelessness; but I am bound to say that the total effect of the bankrupt's testimony upon my mind has been a decided impression, that, while he was probably stupid and without much education, he had had a sufficient business experience to know at least the general outlines of what a merchant's books and records ought to show, and that his unusual vagueness of explanation and his continual resort to lack of recollection were quite as likely to be feigned as to be genuine. Under such circumstances, much depends on how the witness behaved under examination, and, as I did not enjoy the advantage of observing his demeanor on the stand, I feel unable to decide that the findings of the referee were plainly wrong. If the well-established rule is to be followed that a man must be presumed to intend the natural consequences of his act—a presumption which he must overcome after the act has been proved from which the consequences follow—it is difficult to avoid the inference that he intentionally so kept his books and records as to conceal his financial condition from his creditors.

It is unnecessary to consider the other charge of concealing or misapplying some of his property.

The recommendation of the referee is approved, and the discharge is refused.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes